**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INNOVATIVE AUTOMATION LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13-cv-1103 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| KOBO INC. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KOBO INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND**
**COUNTERCLAIMS TO INNOVATIVE AUTOMATION LLC'S COMPLAINT**

Defendant, Kobo Inc. ("Kobo"), by and through its undersigned counsel, hereby answers

the Complaint for Patent Infringement ("Complaint") of Innovative Automation LLC

("Plaintiff") as follows:

**THE PARTIES**

1.  Plaintiff Innovative Automation LLC is a limited liability company organized and
existing under the laws of the State of California, with its principal place of business at 606
North First Street, San Jose, California 95112.

**ANSWER**:  Kobo is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 1.

2.  Defendant Kobo Inc. is a corporation with its principal place of business at 135
Liberty Street, Suite 101, Toronto, ON M6K 1A7.

**ANSWER**:  Kobo admits the allegations in paragraph 2.

**JURISDICTION AND VENUE**

3.  Plaintiff realleges and incorporates by reference the above paragraphs of this
Complaint, inclusive, as though fully set forth herein.

**ANSWER**:   Kobo repeats and incorporates by reference herein its responses to every

allegation of paragraphs 1-2 as set forth above.

4.   This action is for patent infringement pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**:  Kobo admits that the present action purports to arise under the patent laws of

the United States, and that subject matter in a patent case may be based upon 28 U.S.C. §§ 1331

and 1338(a).

5.   Personal jurisdiction exists generally over Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Eastern District of Texas. Personal jurisdiction also exists specifically over Defendant because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets one or more products and/or services within the State of Texas, and more particularly, within the Eastern District of Texas, that infringe the patent-in-suit, as described more particularly below.

**ANSWER**:  Kobo does not contest that this Court has personal jurisdiction over it solely

for the purposes of this lawsuit.  Kobo denies, however, that it has infringed the patent-in-suit in

any way.  Except as expressly admitted, Kobo denies the allegations in paragraph 5.

6.   Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), because Defendant has committed acts of infringement in the Eastern District of Texas and has transacted business in the Eastern District of Texas.

**ANSWER**:  Kobo does not contest that venue is proper within this judicial district solely

for the purposes of this lawsuit. Kobo denies, however, that it has infringed the patent-in-suit in

any way. Furthermore, Kobo denies that this district is the most convenient forum for Plaintiff's

action. Kobo reserves the right to challenge the convenience of this venue. Except as expressly

admitted, Kobo denies the allegations in paragraph 6.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 7,174,362 C1

7.   Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

**ANSWER**: Kobo repeats and incorporates by reference herein its responses to every

allegation of paragraphs 1-6 as set forth above.

8. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,174,362 C1, entitled "Method and System for Supplying Products from Pre-Stored Digital Data in Response to Demands Transmitted via Computer Network," duly and legally issued by the United States Patent and Trademark Office on February 6, 2007 (the "'362 patent"). A true and correct copy of the '362 patent is attached hereto as Exhibit A.

**ANSWER**: Kobo is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is the owner of all right, title, and interest in U.S. Patent 7,174,362 C1 ("the '362 Patent"), and therefore denies the same. Kobo denies that the '362 Patent has an issue date of February 6, 2007. An Ex Parte Reexamination Certificate was issued as number 7,174,362 C1 on February 1, 2013, in which multiple claims were both amended and added to U.S. Patent No. 7,174,362 B1. Further answering, Kobo admits that the '362 Patent title reads "Method and System for Supplying Products from Pre-Stored Digital Data in Response to Demands Transmitted via Computer Network." Kobo admits that a copy of the '362 Patent is attached to the Complaint as Exhibit A. Kobo denies all remaining allegations, except for those allegations specifically admitted.

9. The '362 patent generally describes and claims a computer-implemented method of digital data duplication. In the method of claim 1 of the '362 patent, a request is taken at one or more user interfaces and is transmitted through a network to a computer. The computer contains a module to create a task log based on incoming requests; a module for storing the necessary data; and a module to create a subset of the data, download that subset to an output device, and command the device to transfer the subset onto blank media. The request is assigned to an output device, and the duplication process is executed. Claims 2-26 of the '362 patent describe various other methods and systems of digital data duplication.

**ANSWER**: Kobo admits that on its face, the Abstract of the '362 Patent states that the patent "relates to digital data duplication that utilizes one or more computer networks to automate the process from order-taking to delivery, eliminating the need for human supervision." The claims of the '362 Patent speak for themselves. Kobo denies the remaining allegations in paragraph 9, specifically denying that paragraph 9 accurately or sufficiently describes the full content of any of the claims of the '362 Patent.

3

10. Defendant has infringed and continues to infringe, literally and/or under the doctrine of equivalents, one or more claims of the '362 patent under 35 U.S.C. § 271 by making, using, offering to sell, selling, and/or importing into the United States the patented invention within the United States. Specifically, Defendant has infringed and continues to infringe the '362 patent by making, using, offering to sell, selling, and/or importing into the United States the Kobo content distribution product and service. The Kobo content distribution product and service is generally described, and is accessible, at http://www.kobobooks.com.

**ANSWER**:  Kobo denies the allegations in paragraph 10.

11. As a result of Defendant's infringing activities with respect to the '362 patent, Plaintiff has suffered damages in an amount not yet ascertained. Plaintiff is entitled to recover damages adequate to compensate it for Defendant's infringing activities in an amount to be determined at trial, but in no event less than reasonable royalties, together with interest and costs. Defendant's infringement of Plaintiff's exclusive rights under the '362 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER**:  Kobo denies the allegations in paragraph 11.

## PRAYER FOR RELIEF

Kobo denies that the Plaintiff is entitled to the relief it prays for, or any relief at all, for the allegations contained in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

1.      The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense
### (Invalidity)

2.      Upon information and belief, the '362 Patent and each and every claim contained therein is invalid and/or unenforceable for failure to satisfy at least one of the requirements for patentability under 35 U.S.C. §§ 101, 102, 103, 112 and/or for being otherwise in violation of one or more of the sections of Parts I, II, and III of Title 35 of the United States Code.  By way of example, and without limitation, multiple entities existed prior to the bar date that allowed customers to create their own song list. The entities would burn songs onto, at least, CDs, and

ship said CDs to the customers. Upon information and belief, these entities' systems and methods anticipate the claims of the '362 patent pursuant to 35 U.S.C. §§ 102(a) and 102(b), and at least render them obvious pursuant to 35 U.S.C. § 103.

**Third Affirmative Defense**
**(Non-Infringement)**

3.        Kobo has not infringed and does not infringe, induce infringement, or contribute to the infringement of any claim of the '362 Patent, either literally or under the doctrine of equivalents, at least because Kobo does not make, use, sell, offer for sale, or import into the United States any instrumentality that practices each element of any of the claims of the '362 Patent.  By way of example, and without limitation, Kobo does not duplicate CDs or DVDs as claimed by the '362 Patent, nor does Kobo transfer files onto "blank media" as claimed by the '362 Patent.

**Fourth Affirmative Defense**
**(Patent Marking)**

4.        Upon information and belief, Plaintiff is not entitled to any alleged pre-filing infringement damages prior to Civil Action No. 6:13-cv-00463-LED-KNM because of its failure to comply with 35 U.S.C. § 287 and / or its failure to otherwise give proper notice that Kobo's actions allegedly infringed the '362 Patent.

**Fifth Affirmative Defense**
**(Laches)**

5.        Upon information and belief, Plaintiff's claims are barred by the equitable doctrine of laches, unclean hands, estoppel, and/or waiver.

**Sixth Affirmative Defense**
**(Unavailability of Injunctive Relief)**

6.      Plaintiff is not entitled to injunctive relief, because any injury to it is not immediate and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**Seventh Affirmative Defense**
**(Unavailability of Enhanced Damages)**

7.      Plaintiff has failed to meet the pleading requirements for enhanced damages and upon information and belief has no basis in fact or law for enhanced damages.

**Eighth Affirmative Defense**
**(Prosecution History Estoppel)**

8.      Plaintiff's requests for relief are barred in whole or in part by the doctrine of prosecution estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '362 Patent or related patents and patent applications.

**Ninth Affirmative Defense**
**(Other Affirmative Defenses Based on Later Discovered Evidence)**

9.      Kobo reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff, Kobo Inc. ("Kobo"), as and for its Counterclaims against Plaintiff and Counter-Defendant Innovative Automation, LLC ("Plaintiff"), alleges as follows:

### Parties

1.      Kobo is a corporation with its principal place of business in Toronto, Canada, in the Province of Ontario.

2.      Upon information and belief and according to paragraph 1 of Plaintiff's Complaint, Plaintiff is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 606 North First Street, San Jose, California 95112.

### Jurisdiction and Venue

3.      Through the following pleadings, Kobo presents declaratory judgment counterclaims against Plaintiff. The Counterclaims for declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and under the Patent Laws, Title 35 of the United States Code, providing this Court original and pendant subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4.      Venue for these Counterclaims is proper within this judicial district under at least 28 U.S.C. § 1391(b) and (c) and 1400(b), and by virtue of Plaintiff's commencement of the present action in this Court.

5.      This Court has personal jurisdiction over Plaintiff because Plaintiff has submitted itself to the personal jurisdiction of this Court by commencing this action.

## COUNT I
### (Declaratory Relief Regarding Non-Infringement)

6.      Kobo incorporates and realleges herein by reference its answers to paragraphs 1 through 11 of the Complaint, its Affirmative Defenses paragraphs 1 through 9, and the allegations contained in its Counterclaims paragraphs 1-5 as though fully set forth herein.

7.      Plaintiff has alleged that Kobo has infringed the '362 Patent, and Kobo has denied these allegations.

8.      Kobo has not infringed, directly, contributorily, by inducement, or otherwise, literally or under the doctrine of equivalents or divided infringement, any valid and enforceable claim of the '362 Patent, and is not liable for any acts of infringement of any such claim of the '362 Patent, at least because Kobo does not make, use, sell, offer for sale, or import into the United States any instrumentality that practices each element of any of the claims of the '362 Patent.

9.      As evidenced by Plaintiff's Complaint and Kobo's Answer thereto, there is an actual, substantial, and continuing justiciable case or controversy between the parties regarding whether Kobo infringes the '362 Patent.

10.     Kobo is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Kobo does not infringe and has not infringed any claim of the '362 Patent.

## COUNT II
### (Declaratory Relief Regarding Invalidity of the '362 Patent)

11.     Kobo incorporates and realleges herein by reference its answers to paragraphs 1 through 11 of the Complaint, its Affirmative Defenses paragraphs 1 through 9 and the allegations contained in its Counterclaims paragraphs 1-10 as though fully set forth herein.

12.     Plaintiff has alleged that Kobo has infringed the '362 Patent, and Kobo has denied these allegations.

13.     As evidenced by Plaintiff's Complaint and Kobo's Answer thereto, there is an actual, substantial and continuing justiciable case or controversy between the parties regarding whether Kobo infringes the '362 Patent and whether the claims of the '362 Patent are valid and/or enforceable.

14.     Each of the claims of the '362 Patent are invalid for failure to comply with one or more of the statutory provisions of 35 U.S.C. §§ 101, et seq., including without limitation §§ 101, 102, 103, and/or 112. By way of example, and without limitation, multiple entities existed prior to the bar date that allowed customers to create their own song list. The entities would burn songs onto, at least, CDs, and ship said CDs to the customers. Upon information and belief, these entities' systems and methods anticipate the claims of the '362 patent pursuant to 35 U.S.C. §§ 102(a) and 102(b), and at least render them obvious pursuant to 35 U.S.C. § 103.

15.     Kobo is entitled to a declaration from this Court that each claim of the '362 Patent is invalid because it fails to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## COUNT III
### (Attorneys Fees and Costs)

16.     Kobo incorporates and realleges the allegations of paragraphs 1-15 of these counterclaims.

17.     This case is an exceptional case pursuant to 35 U.S.C. § 285, and therefore Kobo is entitled to an award of attorneys' fees and costs.

## PRAYER FOR JUDGMENT

WHEREFORE, Kobo prays for the following relief:

A.     Dismissal of Plaintiff's Complaint with prejudice and entry of judgment in favor of Kobo;

B.      Judgment declaring that each of the claims of the '362 Patent have not been infringed directly, jointly, indirectly, or by equivalent by Kobo;

C.      Judgment declaring that each of the claims of the '362 Patent are invalid and/or unenforceable pursuant to one or more statutory provisions of Title 35 of the United States Code;

D.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Kobo of its costs and reasonable attorneys fees, together with interest, including prejudgment interest thereon; and

E.      Such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kobo requests a jury trial for all triable issues in Plaintiff's Complaint and Kobo's Counterclaims.


Dated:  January 28, 2014                 Respectfully submitted,

                                         KOBO INC.

                                         /s/ *R. David Donoghue*
                                         R. David Donoghue
                                         HOLLAND & KNIGHT LLP
                                         131 South Dearborn Street, 30th floor
                                         Chicago, IL 60603
                                         Tel: (312) 263-3600
                                         Fax: (312)578-6666
                                         david.donoghue@hklaw.com

                                         *Attorney for Defendant, Kobo Inc.*

#27077910_v2

10

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) this 28th day of January, 2014.  Any other counsel

of record will be served by facsimile transmission or first-class mail on this same date.

<u>/s/ R. David Donoghue</u>